IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01258-PSF-MJW

PAUL EDWARD SCHMALTZ; and
PATRICIA LYNN SCHMALTZ,

    Plaintiffs,

v.

LISA WREN, as agent for Crabtree & Company; and
JOHN DOES,

    Defendants.
_____

## ORDER
_____

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. # 3) and Plaintiffs' two Objections to Order of Reference to United States Magistrate Judge (Dkts. ## 12 and 13).  Plaintiffs, proceeding *pro se*, have not filed a response to the motion to dismiss, but rather refused to accept the motion, returning it the Clerk's Office with the notation "Refused for cause without dishonor and without recourse to me." (Dkt. # 7).

Plaintiffs' complaint is titled "Request for Restoration of Real Property to Owner" and seems to contend that a bank defaulted on its obligations in connection with a loan, resulting in the foreclosure of plaintiffs' property. The connection between Defendant Lisa Wren, who is named as an agent for Crabtree & Company in the complaint, and the bank is not readily apparent from the face of plaintiffs' complaint.

Ms. Wren in her motion to dismiss, however, attaches her affidavit stating under oath that not only is she not an agent or an employee of Crabtree & Company,[1] but that Crabtree merely sold the property at issue at the request of Bank One, which is the sole and rightful owner of the property. *See* Wren Aff. at ¶¶ 2-4, attached to Def.'s Mot. Dis. Ms. Wren also asserts that she and Crabtree received the complaint via regular first class mail, never received a summons, and never waived formal service. *Id.* at ¶ 12.

Turning to the merits of the motion to dismiss, the Court agrees with Ms. Wren that plaintiffs have not alleged any facts to support their request for "restoration of personal property taken by Lisa Wren, and as agent for, Crabtree and Company." *See* Pls.' Compl. at 2. There are no factual averments explaining how or why Ms. Wren or Crabtree wrongfully took any property, personal or real, from plaintiffs. Notice pleading requires more. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989) (upholding trial court's dismissal of action for failure to state a claim where allegations were found to be "too vague and conclusory").

Further, plaintiffs' Fourth Amendment claims for "[u]nconstitutional violation of searches and seizures," Compl. at 4, ¶ 5, fails to state a claim where plaintiffs allege no facts to suggest that either Ms. Wren or Crabtree is a state actor or that either's actions are fairly attributable to the state, as required to state a claim for an alleged violation of a civil right. *See Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996). Rather, Ms. Wren

---

[1] Ms. Wren in her affidavit describes herself as an independent contractor of "The Crabtree Company," although plaintiffs in their complaint describe it as "Crabtree & Company." This Order refers hereafter to that entity as "Crabtree" irrespective of its legal name.

2

in her affidavit contends that neither she nor Crabtree "had any contact with any state officials or employees regarding the property." Wren Aff. at ¶ 9.

Plaintiffs claim that the property at issue qualified under a homestead exemption from execution. *See* Pls.' Compl. at 5-6, ¶ 9. Such a claim bears no relation to any claim for relief against Ms. Wren or Crabtree, however, where plaintiffs do not allege that Ms. Wren or Crabtree are creditors of plaintiffs, have pursued any collection action against plaintiffs, or obtained or executed a judgment against plaintiffs. *See e.g. In re Haas*, 165 F. Supp. 488, 489-90 (D. Colo. 1958) (discussing homestead exemption's purpose to place such property outside the reach of creditors).

Finally, plaintiffs claim that "[r]espondent trespassed on [t]he [p]roperty." Pls.' Compl. at 6, ¶ 11. Ms. Wren contends that such a claim must fail because plaintiffs have failed to allege that they were in possession of or held title to the property at issue. *See Plotkin v. Club Valencia Condominium Ass'n, Inc.*, 717 P.2d 1027, 1028 (Colo. 1986) ("Either the party in possession or the party with title may sue for trespass."). Regardless, Ms. Wren's uncontroverted affidavit states that she has not been at the property since February 2004. *See* Wren Aff. at ¶ 7. Therefore, any claim for trespass against her that may have been viable at one time is barred by the applicable two-year statute of limitations under Colorado law. *See* C.R.S. § 13-80-102(1)(a).

The remainder of plaintiffs' complaint consists of declarations of plaintiffs' rights and allegations against the bank, which is not a party to this action. Even liberally construing the *pro se* complaint, as this Court must under *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972), the Court cannot find a basis for this complaint to survive against Ms. Wren or Crabtree.

Additionally, plaintiffs' case is subject to dismissal for failure to participate in the litigation they commenced. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (recognizing inherent power of court to dismiss *sua sponte* for lack of prosecution, including failure "to proceed as required by court rules"). Their refusal to accept Ms. Wren's properly filed motion to dismiss, asserting that doing so is "without recourse," is not for them to decide. Plaintiffs have an obligation to prosecute this case and to respond properly to motions and cannot pick and choose those parts of the litigation they wish to address and those parts they wish to ignore.

The Court notes plaintiffs' inclusion of "John Does" as defendants in the caption of their complaint; however, no reference to any John Does or other third party, other than the bank, is made in the body of the complaint. Plaintiffs only address "Lisa Wren, and as agent for, Crabtree and Company . . . hereinafter Respondent." Pls.' Compl. at 2. As no claims have been alleged against any "John Does," they are properly dismissed from this action for failure to state a claim under F.R.Civ.P. 12(b)(6).

Therefore, Defendant's Motion to Dismiss (Dkt. # 3) is GRANTED and this case is dismissed. It is

FURTHER ORDERED that in light of this Order the referral of this motion to the Magistrate Judge is withdrawn. It is

FURTHER ORDERED that Plaintiffs' Objections to Order of Reference to United States Magistrate Judge (Dkts. ## 12 and 13) are OVERRULED as moot.

DATED: November 8, 2006,

                              BY THE COURT:

                              *s/ Phillip S. Figa*
                              Phillip S. Figa
                              United States District Judge